UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>DANNY PEREDA,<br><br>        Defendant. | No. 2:11-cr-119 WBS<br><br>ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

Before the court is defendant Danny Pereda's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. (Docket No. 299.)

On April 23, 2012, defendant pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute at least 500 grams of methamphetamine, at least five kilograms of cocaine, and marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Docket Nos. 90, 94.) In the plea agreement, the parties agreed

1

to a 240-month sentence.  The parties also agreed to the Factual Basis attached to the plea agreement, which stated, among other things, that defendant agreed with others to distribute more than ten pounds of methamphetamine and ten kilograms of cocaine.  (Plea Agreement Ex. A.)

Based on a presentence report prepared by the United States Probation Office, which the court adopted in full, the court found defendant to be a career offender on account of his prior convictions, with a total offense level of 34 and criminal history category of VI, and a corresponding Guidelines range of 262 to 327 months.  (See Judgment (Docket No. 163); Statement of Reasons; Presentence Report ¶¶ 21, 46-47.)  The court sentenced defendant to 240 months in prison and 60 months of supervised release.  (Judgment at 2-3.)

The government argues, and the court agrees, that defendant's request for a sentence reduction must be denied because his sentence was determined based on his status as a career offender under U.S.S.G. § 4B1.1, which Amendment 782 does not affect.  See United States v. Charles, 749 F.3d 767, 770 (9th Cir. 2014) ("[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders . . . ."); United States v. Romero, 675 F. App'x 777 (9th Cir. 2017) (denying motion to reduce sentence pursuant to section 3582(c)(2) and Amendment 782 because defendant was sentenced as a career offender under U.S.S.G. § 4B1.1).

Defendant recognizes that the probation officer found that he was a career offender under § 4B1.1 but contends that the

parties agreed that the career offender provision did not apply and the enhancement was "abandoned."  (See Reply at 2-8 (Docket No. 304).)  However, defendant did not object to the PSR's finding that he was a career offender under the Guidelines.  (See Def.'s Sentencing Mem. (Docket No. 161).)  Moreover, there is no indication in the record that the parties agreed the career offender provision did not apply, and the court accepted the PSR in full, including the PSR's finding that defendant was a career offender.  Based on this status as a career offender, defendant is ineligible for a sentence reduction under Amendment 782, and the court will deny the motion.

        IT IS THEREFORE ORDERED that defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 299), be, and the same hereby is, DENIED.

Dated: January 28, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE