UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DANNY PEREDA,<br><br>    Defendant. | No. 2:11-cr-0119 WBS KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Defendant is a federal prisoner, proceeding without counsel. His appeal of the district court's order denying the motion for reduction of sentence is pending before the Court of Appeals for the Ninth Circuit, No. 19-10041. On February 8, 2019, the Ninth Circuit docketed defendant's appeal and docketed "Reporters Transcript required: Yes." Id. (ECF No. 1.)

On February 15, 2019, the district court granted defendant leave to proceed in forma pauperis. On February 19, 2019, defendant filed a motion requesting that transcripts and other pertinent documents be prepared and provided to defendant at the expense of the United States. (ECF No. 312.) Specifically, defendant requests: (1) sentencing transcripts; (2) plea agreement; (3) presentence investigation report; and (4) the current docket sheet. (Id.)

On February 20, 2019, the district court referred the motion to the undersigned. No opposition or statement of non-opposition has been filed.

////

1

1    A litigant who has been granted in forma pauperis status may file a motion to have

2    transcripts produced at government expense. See 28 U.S.C. § 753(f). Two statutes must be

3    considered whenever the district court receives a request to prepare transcripts at the

4    government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which

5    the court can direct the government to pay for transcripts for a litigant proceeding in forma

6    pauperis.

> Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

15   28 U.S.C. § 1915(c). Second, 28 U.S.C. § 753(f) allows the court to order the government to pay

16   for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not

17   frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28

18   U.S.C. § 753(f); Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984).

19   A substantial question exists where the issue before the court of appeals is "reasonably

20   debatable." Washburn v. Fagan, 2007 WL 2043854, *2 (N.D. Cal., July 12, 2007) (citations and

21   internal quotations omitted). "Moreover, the [moving party] must demonstrate that the requested

22   trial transcript is required for proper appellate review." Nolt v. Strausser, 761 F.Supp. 18, 19

23   (E.D. Pa. 1990); see also Davis v. Davis, 405 F. App'x 279, 280 (10th Cir. Dec. 14, 2010) ("To

24   be entitled to a free transcript, however, a litigant must show, not only that his suit is not

25   frivolous, but that a transcript is necessary to resolve the issues raised on appeal"); Westbrook v.

26   Boy Scouts of America, 2013 WL 2936488, *4 (N.D. Ill. June 14, 2014) ("In assessing requests

27   for transcripts under 28 U.S.C. § 753(f), courts also consider whether the requesting party has

28   demonstrated a particular need for the requested transcripts"). The appellant "has the burden of

demonstrating nonfrivolity and substantiality of the claims." Randle v. Franklin, 2012 WL 201757 (E.D. Cal. Jan. 23, 2012), at *2 (citing Maloney v. E.I. du Pont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967)). If there is any doubt as to the merits, the issue of providing a transcript at government expense should be resolved in favor of the appellant. Washburn, 2007 WL 2043854 at *2.

Initially, the undersigned notes that the transcript of the plea hearing was previously prepared. Such transcript and defendant's plea agreement are on the court docket and readily available to the Ninth Circuit. (ECF Nos. 94, 291.) There was no hearing on defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which was denied on the papers. (ECF No. 305.) Thus, no additional preparation of transcripts appears necessary.

In his motion, defendant identifies no issue or grounds for appeal. Therefore, the undersigned finds that the appeal does not present a substantial question. See Morgan v. Doran, 2007 WL 1080580, at *2 (E.D. Cal. April 4, 2007) (denying request for preparation of transcripts at government's expense where motion failed to explain why certain transcripts "are necessary to resolve the issues he desires to raise on appeal."); United States v. Frost, 344 F.Supp.2d 206, 208 (D. Me. 2004) (party's indigent status, without more, is insufficient to establish entitlement to transcript at government expense for purposes of appeal where he failed to specify grounds for appeal sufficient to assess need for transcript) (subsequent history omitted). See also Sistrunk v. United States, 992 F.2d 258, 259 (9th Cir. 1993) (affirming denial of transcript request under § 753(f) where petitioner made only conclusory allegations that he was denied ineffective assistance of counsel); United States v. Falu-Mendoza, 2007 WL 2239403, at *1 (S.D. Cal. Aug. 3, 2007) (motion for sentencing hearing transcripts denied because defendant provided limited information in his motion, and the court was unable to determine whether his § 2255 motion was frivolous or whether a transcript would be required to resolve the issues).

Here, because defendant wholly failed to identify the appeal issue or address whether his appeal constitutes a substantial question, the undersigned is unable to determine whether the appeal is frivolous or poses a substantial question, particularly in light of his express waivers contained in his knowing and voluntary plea agreement. (ECF No. 94 at 7-8.) Indeed, defendant

waived his right to move for any departure from his sentence provided the court sentenced him to 240 months, and the court sentenced him to 240 months. (ECF No. 163.)

In an abundance of caution, and because it appears defendant's presentence report may be relevant to his appeal, the United States Pretrial Services office is directed to file a copy of defendant's pretrial sentence report under seal in this action.

Based on the foregoing, the undersigned recommends that defendant's motion for trial transcripts at government expense (ECF No. 312) be denied without prejudice. Defendant may renew his request for transcripts at government expense with the Court of Appeals by filing a motion there if he wishes. If defendant desires a copy of documents contained in the record he may request such from the District Court Clerk at $0.50 per page.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order, the United States Pretrial Services office is directed to file a copy of defendant's pretrial sentence report under seal in this action; and

2. The Clerk of the Court is directed to serve a copy of this order on the United States Pretrial Services office.

IT IS RECOMMENDED that defendant's motion for transcripts at government expense be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)

Dated: March 12, 2019

/pere0119.tra

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE